UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 19-13097 (SCC) |
| | Chapter 11 |
| SMARTER TODDLER GROUP, LLC, | |
| Debtors. | |

<u>**APPLICATION IN SUPPORT OF**</u>
<u>**MOTION, INTER ALIA, TO VACATE STAY**</u>

TO:    HONORABLE SHELLEY C. CHAPMAN
        UNITED STATES BANKRUPTCY JUDGE

The application of Gazit Horizons (Edge) Fee Owner LLC, the owner and landlord ("Landlord") of real property known as and located at 34 North 7th Street, Brooklyn New York 11211, (the "Premises"), respectfully alleges, by its attorneys, Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. ("Borah Goldstein"), as follows:

1.  Gazit Horizons (Edge) Fee Owner LLC, a Delaware limited liability company formerly known as MPH-1 The Edge LLC ("Owner"), owns the real property known as North Edge Retail Unit East and North Edge Retail Unit West in the Edge 11211 Condominium located at 34 North 7th Street, Brooklyn, New York (the "Property").

2.  Owner took title to the Property under its former name, MPH-1 The Edge LLC, pursuant to a deed dated as of January 14, 2014, and recorded on January 31, 2014 ("Exhibit A").

3.  Prior to Gazit Horizons (Edge) LLC, a Delaware limited liability company (hereinafter "Gazit"), acquiring the interests in the Property:

    a.  100% of the interests in Owner were owned by MPH-1 The Edge LP, a Delaware limited partnership ("Edge LP");

    b.  2.7% of the interests in Edge LP (the "LP Interests") were owned by its limited partners: Blue Granite B 2013 Limited, a Cayman Islands entity ("BG 2013"), PSPIB Realty U.S. Inc., a Delaware corporation ("PSPIB Realty"), MM-PH-1 The Edge 2 LLC, a

1

Delaware limited liability company ("MM 2"), and MM-PP Portfolio LLC, a Delaware limited liability company ("MM-PP");

c. The remaining 97.3% of the interests in Edge LP were owned by its general partner, MPH-1 The Edge Corp., a Delaware corporation (the "REIT");

d. The common stock in the REIT (the "Common Stock") was owned by Blue Granite ZB Edge 2013 Limited Partnership, an exempted limited partnership formed under the laws of the Cayman Islands ("BG ZB"), Public Sector Pension Investment Board, a Canadian federal crown corporation established by the Parliament of Canada under the Public Sector Pension Investment Board Act ("PSPIB"), and MM-PH-1 The Edge 1 LLC, a Delaware limited liability company ("MM 1"; together with BG 2013, PSPIB Realty, MM 2, MM-PP, BG ZB and PSPIB, collectively, "Seller Entities"); and

e. The preferred stock in the REIT (the "Preferred Stock") was owned by 125 preferred shareholders (the "Preferred Shareholders").

4. The foregoing organizational structure is depicted on Exhibit B attached hereto.

5. On July 3, 2019, Gazit acquired the Property by acquiring the LP Interests and the Common Stock as follows:

a. Gazit purchased from Seller Entities the LP Interests and the Common Stock (the "Purchase").

b. In connection with the Purchase, (i) the LP Interests were assigned to Gazit pursuant to an Assignment and Assumption of Partnership Interests, a copy of which is attached hereto as Exhibit C-1, and (ii) the Common Stock was assigned to Gazit pursuant to an Assignment and Assumption of Common Shares, a copy of which is attached hereto as Exhibit C-2.

The Purchase and the resulting organizational structure are depicted on Exhibit C-3 attached hereto.

6. On July 18, 2018, Gazit restructured its ownership of the Property as follows:

a. The Preferred Stock held by the Preferred Shareholders was redeemed (the "REIT Redemption") by payment to the Preferred Shareholders of $125,000 plus accrued dividends, pursuant to that certain Notice of Redemption of Series A Preferred Stock of MPH-1 The Edge Corp., a copy of which is attached hereto as Exhibit D-1; and

     b.  Immediately following the REIT Redemption, the REIT was merged with and into Gazit (the "REIT Merger"), pursuant to the filing of a Certificate of Merger with the Delaware Secretary of State (the "DESOS"), a copy of which is attached hereto as Exhibit D-2.

The REIT Redemption and REIT Merger and the resulting organizational structure are depicted on Exhibit D-3 attached hereto.

7. Immediately following the REIT Merger, Edge LP was merged with and into Gazit (the "Edge LP Merger"), pursuant to the filing of a Certificate of Merger with the DESOS, a copy of which is attached hereto as Exhibit E-1. The Edge LP Merger and the resulting organizational structure are depicted on Exhibit E-2 attached hereto.

8. On August 17, 2018, Owner's name was changed to Gazit Horizons (Edge) Fee Owner LLC, pursuant to the filing of (i) a Certificate of Amendment with the DESOS, a copy of which is attached hereto as Exhibit F-1, and (ii) a Certificate of Amendment with the New York Secretary of State, a copy of which is attached hereto as Exhibit F-2. The resulting, and current, organizational structure is depicted on Exhibit F-3 attached hereto.

9. On September 27, 2019, Debtor filed a Petition under Chapter 11, Title 11 of the United States Bankruptcy Code.

10. Gazit was neither named in the petition as a creditor nor served the petition.[1]

11. Debtor is the tenant of the Premises, pursuant to a written lease dated June 22, 2015, by and between MPH-1 The Edge LLC (a former owner of the property), as Landlord, and Debtor, as tenant, for a term commencing June 22, 2015, and expiring on May 31, 2027 (the "Lease;") ("Exhibit G".)

12. On July 14, 2017, a First Modification of Lease was executed by the former owner

---

[1] The Creditor Matrix indicates that prior owner MPH-1 The Edge LLC was noticed.

of the property ("Amended Lease") incorporating a modification of the fixed rent into the original Lease. (A copy of the Amended Lease, with exhibits are attached as Exhibit H.)

13. The combined current monthly base rent charge, common area charge, additional rent, and real estate tax charges or the Premises is $48,281.00.

14. Debtor has defaulted in a substantial obligation of its Lease for the Premises in that it has failed to pay rent, additional rent, and/or use and occupancy charges for same.

15. Debtor has failed to pay pre-petition rent and additional through September 27, 2019, in the amount of $ 54,665.00. (pre-petition statement annexed hereto as Exhibit I.)

16. In addition, Debtor has failed to pay the balance due of post-petition use and occupancy charges for the months of November and December 2019, in the total amount of $113,993.00 (add legal fees to this amount), which includes (i) late charges per the terms of the lease equal to $7,676.60 as of November 18, 2019 (which accrues at the per month rate of 5% ), and (ii) post-petition legal fees incurred by the Landlord through December 10, 2019, in the amount of $10,920.00. (A copy of Landlord's statement of post-petition arrears and a copy of Borah Goldstein's invoice for the Landlord's post-petition legal fees incurred for the period September 28, 2019- December 10, 2019 are annexed collectively hereto as Exhibit J.)

17. The total due to date of pre-petition rent and post-petition use and occupancy charges is $168,658.00.

18. Debtor will owe post-petition use and occupancy charges for the Premises until Debtor vacates same.

19. On January 23, 2019, Debtor entered into a payment agreement with Gazit, the terms of which were not honored by Debtor (A copy of the payment plan is annexed hereto as Exhibit K).

20. As a result of the Debtor's September 27, 2019, bankruptcy filing, Landlord was stayed from commencing summary nonpayment proceedings or serving a Fourteen (14) Day rent demand or otherwise enforcing its leasehold rights.

21. Landlord is being severely prejudiced by its inability to recover possession of the Premises and the past due rent and additional rent.

22. Even if, arguendo, the Court finds that there remains a leasehold interest to be assumed, without payment of pre-petition rent and additional rent and post-petition use and occupancy charges in the combined amount to date of $168,658.00, there would be no basis for the Debtor to assume the Lease for the Premises.

23. For the foregoing reasons, pursuant to 11 U.S.C. Section 365, Debtor should be ordered to pay the past due pre-petition rent and additional rent and post-petition use and occupancy, and to assume the Lease, or to surrender the Premises to Landlord, if the Lease is rejected.

24. In the alternative, or in addition, the Court should vacate the automatic stay to permit Landlord to recover possession of the Premises; a proposed Order is annexed (Exhibit L.)

25. Finally, since there are no novel or unique issues of law presented by this motion, it is respectfully requested that the Court waive the filing of a memorandum of law.

WHEREFORE, Movant requests that the Court enter an Order:

1. Pursuant to 11 U.S.C. Section 362(d)(l) & (2), vacating and terminating the automatic stay for cause, thereby permitting the Landlord to enforce its rights in, and remedies in and to, the Premises;

2. Pursuant to 11 U.S.C. Section 362(e), consolidating the preliminary and final hearing;

3. Pursuant to 11 U.S.C. Section 363(e), directing Debtor to pay

immediately to the Landlord all post-petition use and occupancy charges that have accrued since September 27, 2019, and to pay Landlord use and occupancy on a monthly basis on the first day of each month, pending a final determination of the relief requested herein;

4. In the event, arguendo, that the Court determines that the Debtor has any leasehold interest in the Premises, then pursuant to 11 U.S.C. 365(d), directing the Debtor either to assume or reject the Lease for the Premises, and, if rejected, compelling Debtor to vacate the Premises, or, if assumed, compelling Debtor promptly to pay all past due pre-petition rent and additional charges and post-petition use and occupancy;

5. In the event that the Court grants the relief requested herein by modifying the automatic stay, then pursuant to FRBP 4001 (a)(3), waiving the fourteen (14) day stay of an Order granting a motion for relief from an automatic stay made in accordance with FRBP 4001 (a)(l );

6. Awarding Landlord its reasonable attorneys' fees together with the costs and disbursements of this motion; and

7. Granting Landlord such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Dated:  New York, New York
        December 10, 2019

BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C.,

By: */s/ Ndukwe D. Agwu*
        Ndukwe D. Agwu
377 Broadway, 7th Floor
New York, NY 10013
Telephone: (212) 431-1300
Fax: (646) 349-4135
E-mail: nagwu@borahgoldstein.com
*Attorneys for Gazit Horizons (Edge) Fee Owner LLC.*